# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
      **Plaintiff,**

  **v.**                                      **Case No. 06-CR-140**

**ARTIS ECHOLES**
      **Defendant.**

## DECISION AND ORDER

Defendant Artis Echoles seeks early termination of probation. See 18 U.S.C. § 3564(c). The government objects. I first set forth the background of the case, then evaluate the merits of defendant's request.

## I. BACKGROUND

Defendant pleaded guilty to distributing heroin, contrary to 21 U.S.C. §§ 841(a)(1) & (b)(1)(C), and at his sentencing I adopted an advisory guideline range of 51-63 months imprisonment. I then granted the government's U.S.S.G. § 5K1.1 motion, departing 7 levels, producing a revised range of 24-30 months. United States v. Echoles, No. 06-CR-140, 2008 WL 725191, at *1-2 (E.D. Wis. Mar. 17, 2008). Finally, on consideration of the factors set forth in 18 U.S.C. § 3553(a), I decided to place defendant on probation for five years.

In imposing this sentence, I first noted that defendant's role in the offense was mitigated; he obtained heroin primarily to support his own habit, then distributed some of it to others, including his wife, also an addict. He did not profit economically. Id. at *3. I further noted that while defendant had a serious prior record and significant substance abuse problems, he had since his arrest in the case effected a remarkable turn-around. After a lifetime of drug abuse,

he had remained clean for nearly two years, participating in counseling. He also consistently worked for the first time in his life, holding a job as a machine operator for about a year and a half. Finally, I noted that defendant's wife, who also experienced substance abuse problems, had also made great strides in overcoming them. Id. Given these circumstances, I concluded that defendant deserved a chance to continue the progress he had made; sending him to prison seemed counterproductive, so I therefore imposed a sentence served in the community. Id. In a written sentencing memorandum, I concluded:

> The offense was no doubt serious; heroin causes a tremendous amount of damage to the community. However, defendant's role in this particular offense was quite limited and motivated by his own addiction; he earned no profit. Therefore, I concluded that confinement in prison was not necessary to provide just punishment for defendant's particular conduct. See 18 U.S.C. § 3553(a)(2)(A).
>
> Defendant's record suggested a risk of recidivism, but given the remarkable progress he had made over the past two years – staying off drugs, steadily working, starting a new family – I found that risk greatly reduced. If he continued on this path, he presented no threat to the public and was not a risk to re-offend. See 18 U.S.C. § 3553(a)(2)(B) & (C). Defendant's efforts to cooperate with the government were also suggestive of a change in direction. In some cases, cooperation has an almost mercenary quality, but in defendant's case it appeared to represent a desire to break from his old ways. Defendant obviously had treatment needs, but he was dealing with those issues in the community, and I concluded that both defendant and the public were best served by permitting him to continue those efforts. See 18 U.S.C. § 3553(a)(2)(D).
>
> Under all of the circumstances, I found a sentence of 5 years probation with a condition of six months home confinement sufficient but not greater than necessary. This sentence provided a sufficient measure of punishment, structure and monitoring, while also taking into account the role of addiction in defendant's conduct, his limited involvement and lack of financial gain, and his significant post-offense efforts to rehabilitate himself.
>
> Therefore, I placed defendant on probation for five years. This sentence allowed me to maintain a great degree of control over defendant to ensure that he stayed on the right path. See Gall v. United States, 128 S. Ct. 586, 595 (2007) ("Offenders on probation are nonetheless subject to several standard conditions that substantially restrict their liberty."). Further, as I warned defendant at

sentencing, any violations could lead to revocation and a sentence of up to 30 years. See 18 U.S.C. § 3565(a)(2) (stating that upon revocation of probation the court may re-sentence the defendant under § 3553). This sentence varied somewhat from the guidelines after the departure, but because it was well-supported by the § 3553(a) factors it created no unwarranted disparity. See 18 U.S.C. § 3553(a)(6); see also Gall, 128 S. Ct. at 602 (upholding sentence of probation for drug offender who turned his life around). As conditions of probation, I ordered defendant to serve six months of home confinement, participate in a program of testing and treatment for substance abuse, and repay the buy money expended in the case.

Id. at *4 (footnote omitted).

## II. DISCUSSION

### A. Early Termination Standard

Under 18 U.S.C. § 3564(c),

The court, after considering the factors set forth in section 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor or an infraction or at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.

Courts have held that in order to justify early termination the conduct of the defendant must include more than simply following the rules of supervision. Otherwise, every defendant who avoided revocation would be eligible for early termination. Instead, termination is generally granted only in cases with a new or unforeseen circumstance, such as where the defendant's conditions unreasonably impede his rehabilitation or where his behavior has been exceptionally good. See, e.g., United States v. Caruso, 241 F. Supp. 2d 466, 468-69 (D.N.J. 2003); see also United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997); United States v. Medina, 17 F. Supp. 2d 245, 246-47 (S.D.N.Y. 1998).
3

**B. Analysis**

In his letter-request, defendant indicates that he has since his arrest in this case led an exemplary life, free of crime and drug usage. He indicates that while he was laid off from his machine operator job about one year ago, he is working with his probation officer and an employment service to find a new job. He believes his job search would go better without the onus of federal supervision, including drug screens.

I cannot conclude that termination would at this point be in the interest of justice. First, while defendant is to be commended for his continued good conduct, he has not demonstrated that his behavior or performance have been exceptionally good. Nor has he shown that his conditions have unreasonably impeded his job search or any other rehabilitative goal. Second, given defendant's serious prior record and long history of substance abuse, a longer period of supervision is needed to protect the public and deter defendant from committing new offenses. See 18 U.S.C. § 3553(a)(2)(B) & (C). Additional supervision is also needed to ensure that defendant's treatment needs are addressed and that he finds and maintains legitimate employment. See 18 U.S.C. § 3553(a)(2)(D).

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that defendant's request (R. 292) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 26th day of July, 2010.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

4

Case 2:06-cr-00140-LA   Filed 07/26/10   Page 4 of 4   Document 296